# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JO ANN WEAVER,

              **Plaintiff,**

-vs-                                                     **Case No. 6:07-cv-1082-Orl-19KRS**

COMMISSIONER OF SOCIAL
SECURITY,

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) (Doc. No. 15)
>
> **FILED:** March 10, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

      The plaintiff, Jo Ann Weaver, seeks an award of attorney's fees, costs and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on December 10, 2007. Doc. No. 14. An award of fees and expenses is, therefore, ripe for consideration. The defendant, the Commissioner of Social Security, objects to the proposed hourly rate and number of hours for which counsel for Weaver seeks fees.

Shea Fugate, Weaver's attorney, seeks $1,692.49 in attorney's fees for 10.2 hours of work: 9.0 hours worked in 2007 and 1.2 hours worked in 2008. Doc. No. 15-3. The hourly rate sought is $165.93 for all of the hours worked. Doc. No. 15 at 1.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney['s] fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Movant has provided an analysis based on the Consumer Price Index (CPI) as of April 2007, doc. nos. 15-2 at 2-3 & 15-5, that supports the requested hourly rate.[1]

The Commissioner correctly argues that before increasing the EAJA hourly rate based on the cost of living, this Court must determine the reasonable hourly rate for an attorney of Attorney Fugate's experience in the Central Florida community. Attorney Fugate avers that she has been licensed to practice law in Florida since 1996. She has extensive experience as a legal assistant and, later, as an attorney handling social security disability claims. Since she began her own law firm in 1997, social security disability cases have accounted for over 95% of her practice. When she consults with other attorneys in social security cases, she is paid a rate of $175.00 per hour. When providing expert opinions, she is paid a rate of $200.00 per hour. Doc. No. 15-3.

I take judicial notice that Attorney Fugate practices frequently before this Court, and the Court appreciates the quality of the work she presents on behalf of her clients. I am familiar with the regular hourly rates of lawyers in this community, which well exceed the $175.00 to $200.00 per hour for an

---

[1] The Commissioner erroneously argues that Attorney Fugate seeks the hourly rate reflected by a CPI index through March 2008. *See* Doc. No. 16 at 5.

attorney with 12 years of experience.  *Cf.  Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)(noting that the Court is itself an expert on the question of reasonable hourly rates and fees). Accordingly, I find that the statutory rate sought by Attorney Fugate in this case is below the reasonable hourly rate to which she would be entitled for her work.  As such, I find that $165.93 is a reasonable hourly rate for her work in this case.

With respect to reasonable number of hours worked, the Commissioner objects to 0.8 hours Attorney Fugate worked before the complaint was filed.  Doc. No. 16 at 7.  This work involved the initial conference with Weaver (0.2 hours), review of the paperwork Weaver had regarding the administrative hearing (0.5 hours), and writing a letter to Weaver enclosing the retainer agreement (0.1 hours).  Doc. No. 15-3.

The Commissioner cites no legal authority supporting the objection to the pre-suit work.  One court in this circuit has found that when, as here, the attorney representing the claimant in the United States District Court did not represent the claimant in the administrative proceeding, time spent reviewing the file and preparing the complaint is compensable.  *See McGuire v. Sullivan*, 723 F. Supp. 1506, 1509 (N.D. Ga. 1989).  I find the rationale of this decision to be persuasive.  Thus, I find that the 0.7 hours Attorney Fugate spent conferring with Weaver and reviewing the administrative paperwork is compensable.  I find, however, that the 0.1 hours spent on the administrative task of preparing and transmitting the retainer agreement is not compensable.  Accordingly, I recommend that the Court reduce the reasonable number of hours worked to 10.1 hours.

Accordingly, the reasonable attorney's fee is $1,675.89 ($165.93 hourly rate x 10.1 hours).

Weaver also seeks an award of costs in the amount of the $350.00 filing fee and expenses in the amount of $14.28 in postage. The Commissioner does not object to these costs and expenses. I find that these costs and expenses were reasonably incurred in the absence of objection.

**RECOMMENDATION.**

For the reasons set forth in the foregoing report, I respectfully recommend that the Court order the Commissioner of Social Security to pay to Shea Fugate, Esq., $1,675.89 in attorney's fees, $350.00 in costs, and $14.28 in expenses.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 19th, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] Weaver has assigned the attorneys' fees awarded by the Court to Attorney Fugate. Doc. No. 15-4.